This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Larry Glover has appealed from an order of the Summit County Court of Common Pleas that found him guilty of possession of cocaine and possession of drug paraphernalia. This Court affirms in part, reverses in part, and remands for further proceedings.
 I
{¶ 2} On August 20, 2001, Appellant was indicted by the Summit County Grand Jury on five counts: possession of cocaine, a violation of R.C. 2925.11(A); trafficking in cocaine, a violation of R.C. 2925.03(A)(1); trafficking in cocaine, a violation of R.C. 2925.03(A)(2); illegal use or possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1); and possession of marijuana, a violation of R.C. 2925.11(A). Appellant entered a plea of not guilty on all counts and the case was set for a jury trial. Prior to trial, the state dismissed counts two, three and five. The jury returned a verdict of guilty on the remaining counts as charged. A sentencing hearing was held, and the trial court imposed a sentence of imprisonment for two years on count one (possession of cocaine) and six months on count four (illegal use or possession of drug paraphernalia). The sentences were to run concurrently. Appellant has now appealed, asserting three assignments of error.
 II Assignment of Error Number One {¶ 3} "THE ADMISSION OF A HANDGUN WHICH WAS IRRELEVANT, CONFUSING AND MISLEADING DENIED APPELLANT HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
{¶ 4} In Appellant's first assignment of error, he has argued that the admission of a handgun found at Appellant's residence was irrelevant, prejudicial and misleading to the jury. We disagree.
{¶ 5} A trial court has broad discretion in the admission or exclusion of evidence, and this Court will not disturb a trial court's ruling on the admission of evidence absent an abuse of discretion and material prejudice to the defendant. State v. Hymore (1967),9 Ohio St.2d 122, 128, certiorari denied (1968), 390 U.S. 1024,88 S.Ct. 1409, 20 L.Ed.2d 281. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
{¶ 6} We decline, however, to address whether the trial court abused its discretion in allowing the admission of the .357 Magnum handgun into evidence. Trial counsel failed to object when the state presented the handgun to the jury; trial counsel only objected to the admission of the inventory sheet, stating, "I do not have an objection to the admission of the evidence, but I do have an objection to the actual report which is clearly hearsay." This Court has consistently held:
 {¶ 7} "In order to promote important concerns for judicial expediency and efficiency, a party, who fails to object to the receipt or use of evidence at the time at which alleged errors can still be remedied, waives the right to address the alleged errors on appeal." State v. Moore (Nov. 3, 1993), 9th Dist. No. 16227, at 8.
{¶ 8} Accordingly, Appellant's first assignment of error is without merit.
 Assignment of Error Number Two {¶ 9} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE IN THIS CASE."
{¶ 10} In Appellant's second assignment of error, he has contended that the trial court erred in sentencing Appellant to more than the minimum sentence of one year without first making the appropriate findings on the record pursuant to R.C. 2929.14(B). We agree.
{¶ 11} At the time Appellant was sentenced, R.C. 2929.14(B) provided:
 {¶ 12} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to [R.C. 2929.14(A)], unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 13} The Ohio Supreme Court has interpreted R.C. 2929.14(B) to require "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v.Edmonson (1999), 86 Ohio St.3d 324, 326.
{¶ 14} The state has conceded that the trial court failed to make the requisite findings on the record, and after reviewing the record, we conclude that the trial court did not comply with R.C. 2929.14(B). Therefore, Appellant's second assignment of error is sustained.
 Assignment of Error Number Three {¶ 15} "THE CONVICTIONS OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING THEM WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTION BEYOND A REASONABLE DOUBT."
{¶ 16} In Appellant's third assignment of error, he has argued that there was insufficient evidence presented at trial from which the jury could find him guilty of the crimes as charged. He has further contended that his convictions were against the manifest weight of the evidence. We disagree.
{¶ 17} As an initial matter, this Court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. Statev. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. Manges, supra, at ¶ 25. In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 18} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
{¶ 19} In the instant case, Appellant was convicted of possession of cocaine, a violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." He was also convicted of illegal use or possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1), which provides that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia."
{¶ 20} Appellant has contended that the state failed to establish that Appellant knowingly possessed the drugs that were found inside his home. He has argued that "possession of the drugs cannot be inferred, solely from the mere access to the drugs or through ownership or occupation of the premises upon which the substance is found," and the "mere fact that one is the owner or lessee of the premises upon which elicit [sic] drugs are found, where such premises are regularly occupied by others, and the drugs are found in an area accessible to all occupants, possession cannot be imputed to the owner or lessee." Appellant has further claimed that because he denied ownership of the drugs at the time they were found, and his seventeen-year-old son testified that the drugs found in the house belonged to him and not Appellant, there was no evidence presented to the trial court from which the jury could have concluded he possessed the drugs obtained during the search warrant. This Court finds, however, that the trier of fact could have reasonably concluded that the drugs obtained during the search of Appellant's home belonged to Appellant.
{¶ 21} At trial, Detective Brian Callahan and Detective Ted Male testified that prior to executing the search warrant of Appellant's residence, they arrested Appellant and Roderick Clark, who they later learned was Appellant's son. Detective Male did a pat down of Clark and found what appeared to be crack rock cocaine in Clark's pants pocket; the detectives did not find any contraband on Appellant.
{¶ 22} Detective Adam Wahl testified that the search team was able to enter the home with keys obtained from Appellant's pocket. He stated that it appeared that only one male and female lived at the home, and possibly a young infant. More importantly, Detective Wahl stated that Appellant showed them where to find some of the crack confiscated from Appellant's home; the crack was found on a plate located in the kitchen cabinet. Detective Wahl was also present when Detective Eric Wells, another detective on the search team, found crack in a cereal box also located in the kitchen cabinet. He explained Appellant's reaction to the cocaine found in the cereal box:
 {¶ 23} "When [Appellant] showed us the plate with the two rocks on it, I asked him `is this all there is in the house?' He assured me, `yes, that's all there is in the house, I don't have anymore.' When I showed him the bag [from the cereal box], I said `Larry, I thought you didn't have any more drugs,' and his head just dropped and he didn't make any verbal statements at that point."
{¶ 24} Detective Donnie Williams, another detective that took part in searching Appellant's home, was assigned to inventory all items seized from the home. As the detective assigned to inventory, he was responsible for marking the evidence retrieved by the other detectives. He testified that he marked as evidence a plate, accompanied by a razor blade. Detective Williams explained that razor blades are "usually found, people usually cut their crack-cocaine use a single-edge razor much safer than a double-edge razor because you won't cut your finger. These are usually found in 99 percent of the drug houses that we do search warrants on."
{¶ 25} Detective Williams also marked as evidence: two unit doses of crack cocaine (discovered on a plate located in the kitchen cabinet), a plastic liner containing 6.54 grams of crack cocaine (discovered in a cereal box located in the kitchen cabinet), thirteen hundred dollars in cash, a Salter digital scale (discovered on the dining room table), an Ashiba digital scale (discovered in the southwest bedroom), and an Accura scale (discovered in the northwest bedroom). Detective Williams explained that the scales were used to weigh drugs, stating:
 {¶ 26} "They're very careful in weighing out their drugs, they don't want to give someone too much for what they purchase and when you do purchase drugs from other person, I guess they want to make sure they're getting the amount they were sold. So scales are very — they're hand-in-hand in the drug trade."
{¶ 27} Detective Williams also testified that Appellant admitted that one of the scales found in the home belonged to him.
{¶ 28} Officer Michael Schmidt, who searched one of the bedrooms in Appellant's apartment, testified that he found a .357 Magnum Smith and Wesson handgun with laser sights and .357 bullets under the bed.
{¶ 29} Detectives Williams, Male and Callahan all testified that they had seen Appellant at the apartment on several occasions prior to the search. Detective Callahan also testified that he had never seen Clark at Appellant's apartment before the search.
{¶ 30} The testimony presented by the state's witnesses indicate that Appellant knew where the drugs were kept because he showed the detectives the drugs contained in the cabinet; such knowledge could lead a jury to believe that Appellant owned the drugs. In addition, several scales used for the purpose of weighing drugs were found throughout Appellant's home. Further, any conflicts in the testimony presented by Clark, Appellant, and the state's witnesses are to be resolved by the trier of fact. State v. Lowe (Jan. 11, 1984), 9th Dist. No. 11253, at 4. "Credibility is a question of fact to be determined by the jury and a reviewing court should not substitute its judgment for that of the jury."State v. Walker (1978), 55 Ohio St.2d 208, 212.
{¶ 31} Despite Clark's seemingly selfless testimony that Appellant was not the owner of the drugs, and Appellant's own testimony that he did not own the drugs, the evidence presented could lead a jury to conclude that Appellant knowingly possessed the drugs. Therefore, on the record as a whole, we cannot conclude that the jury clearly lost its way when it convicted Appellant of violating R.C. 2925.11(A) and R.C. 2925.14(C)(1).
{¶ 32} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4.
{¶ 33} Consequently, we need not further address Appellant's assertion that there was insufficient evidence to prove that Appellant owned or possessed the drugs found in his home. Accordingly, Appellant's third assignment of error is without merit.
 III
{¶ 34} Appellant's second assignment of error is sustained, and the remaining assignments of error are overruled. The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.
BAIRD, P.J., BATCHELDER, J. CONCUR.